J-S70003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| Y.L.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| R.R.P. | : | |
| | : | |
| Appellant | : | No. 1189 MDA 2017 |

Appeal from the Order Entered June 28, 2017
In the Court of Common Pleas of Adams County
Civil Division at No(s):  2015-S-821

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED DECEMBER 04, 2017**

Appellant, R.R.P. ("Father") appeals from the order entered in the Adams County Court of Common Pleas, which granted primary custody of the parties' children, E.P. and C.P. ("Children"), to Appellee, Y.L.P. ("Mother") and granted Mother's petition for relocation.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of the case.  Therefore, we have no reason to restate them.

Father raises the following issues for review.

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED AS A MATTER OF LAW IN GRANTING MOTHER'S REQUEST FOR RELOCATION WHEN FATHER ASSERTS SUCH WAS NOT IN THE BEST INTEREST OF…CHILDREN AND MOTHER DID NOT MEET AND/OR SUSTAIN HER LEGAL BURDEN?
>
> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION

AND/OR ERRED AS A MATTER OF LAW IN AWARDING MOTHER PRIMARY PHYSICAL CUSTODY AS FATHER ASSERTS THAT SUCH WAS NOT IN THE BEST INTEREST OF…CHILDREN?

(Fathers Brief at 4).

In reviewing a child custody order:

[O]ur scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*S.J.S. v. M.J.S.*, 76 A.3d 541, 547-48 (Pa.Super. 2013) (internal citation omitted). Additionally,

[O]ur Legislature adopted a new Child Custody Act ("Act"), effective on January 24, 2011. *See* 23 Pa.C.S.A. §§ 5321–5340. The new Act applies to "disputes relating to child custody matters" filed after the effective date of the new law. 23 Pa.C.S.A. § 5321. In *E.D. v. M.P.,* 33 A.3d 73, 76 (Pa.Super. 2011), we held that the Act applied to any proceeding, including a petition for relocation, initiated by a *filing* made after the effective date of the Act.

*Id.* With respect to a custody order, Section 5328(a) provides:

**§ 5328. Factors to consider when awarding custody**

**(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by

- 2 -

considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11)  The proximity of the residences of the parties.

(12)  Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13)  The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another.  A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14)  The history of drug or alcohol abuse of a party or member of a party's household.

(15)  The mental and physical condition of a party or member of a party's household.

(16)  Any other relevant factor.

23 Pa.C.S.A. § 5328(a).  In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations."  *M.J.M. v. M.L.G.*, 63 A.3d 331, 336 (Pa.Super. 2013), *appeal denied*, 620 Pa. 710, 68 A.3d 909 (2013).  A court's explanation of reasons for its decision, which adequately addresses the relevant custody factors, complies with Section 5323(d).  *Id.*

The new Act defines "Relocation" as "[a] change in residence of the child which significantly impairs the ability of a non-relocating party to exercise custodial rights."  23 Pa.C.S.A. § 5322(a); *C.M.K. v. K.E.M.*, 45 A.3d 417, 422-25 (Pa.Super. 2012).  Section 5337 sets forth the procedures and factors governing relocation in relevant part as follows:

**§ 5337.  Relocation**

**(a) Applicability.**—This section applies to any proposed relocation.

**(b) General rule.**—No relocation shall occur unless:

(1) every individual who has custody rights to the child consents to the proposed relocation; or

(2) the court approves the proposed relocation.

**(c) Notice.**—

(1) The party proposing the relocation shall notify every other individual who has custody rights to the child.

(2) Notice, sent by certified mail, return receipt requested, shall be given no later than:

(i) the 60th day before the date of the proposed relocation; or

(ii) the tenth day after the date that the individual knows of the relocation, if:

(A) the individual did not know and could not reasonably have known of the relocation in sufficient time to comply with the 60–day notice; and

(B) it is not reasonably possible to delay the date of relocation so as to comply with the 60–day notice.

(3) Except as provided by section 5336 (relating to access to records and information), the following information, if available, must be included with the notice of the proposed relocation:

(i) The address of the intended new residence.

(ii) The mailing address, if not the same as the address of the intended new residence.

(iii) Names and ages of the individuals in the new residence, including individuals who intend to live in the new residence.

(iv) The home telephone number of the intended new residence, if available.

(v) The name of the new school district and school.

(vi) The date of the proposed relocation.

(vii) The reasons for the proposed relocation.

(viii) A proposal for a revised custody schedule.

(ix) Any other information which the party proposing the relocation deems appropriate.

(x) A counter-affidavit as provided under subsection (d)(1) which can be used to object to the proposed relocation and the modification of a custody order.

(xi) A warning to the nonrelocating party that if the nonrelocating party does not file with the court an objection to the proposed relocation within 30 days after receipt of the notice, that party shall be foreclosed from objecting to the relocation.

(4) If any of the information set forth in paragraph (3) is not known when the notice is sent but is later made known to the party proposing the relocation, then that party shall promptly inform every individual who received notice under this subsection.

**(d)   Objection to proposed relocation.**—

(1) A party entitled to receive notice may file with the court an objection to the proposed relocation and seek a temporary or permanent order to prevent the relocation.  The nonrelocating party shall have the opportunity to indicate whether he objects to relocation or not and whether he objects to modification of the custody order or not.  If the party objects to either

relocation or modification of the custody order, a hearing shall be held as provided in subsection (g)(1). The objection shall be made by completing and returning to the court a counter-affidavit, which shall be verified subject to penalties under 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities), in substantially the following form…

\* \* \*

**(h) Relocation factors.—**In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the child:

(1)  The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.

(2)  The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.

(3)  The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.

(4)  The child's preference, taking into consideration the age and maturity of the child.

(5)  Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.

(6)  Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8) The reasons and motivation of each party for seeking or opposing the relocation.

(9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10) Any other factor affecting the best interest of the child.

23 Pa.C.S.A. § 5337(a)–(d) (h). Moreover,

[T]he party proposing relocation…bears the burden of proving relocation will serve the children's best interests. *See* 23 Pa.C.S.A. § 5337(i). Each party, however, has the burden of establishing "the integrity of that party's motives in either seeking the relocation or seeking to prevent the relocation." 23 Pa.C.S.A. 5337(i)(2).

*S.J.S., supra* at 551. In all of these proceedings:

[O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.

The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*R.M.G., Jr. v. F.M.G.*, 986 A.2d 1234, 1237 (Pa.Super. 2009) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Christina M. Simpson, we conclude Father's issues merit no relief. The trial court comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed August 25, 2017, at 6-8 and attached Memorandum, filed July 3, 2017, at 1-6). (examining each relevant factor under applicable statutes, concluding court's custody and relocation decisions are in Children's best interest). The record supports the court's decision; therefore, we see no reason to disturb it. Accordingly, we affirm based on the trial court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2017



IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
CIVIL

Y.L.P.
     Plaintiff,
vs.

R.R.P.
     Defendant.

:
:
:
:
:
:
:
:

15-S-821

ACTION IN CUSTODY

**Opinion Pursuant to Pa. R.A.P. 1925(a)[1]**

Appellant R.R.P. (hereinafter "Father") appeals from this Court's Order of June 28, 2017 granting Y.L.P.'s (hereinafter "Mother") Petition for Relocation. Father resides in Cumberland County, Pennsylvania and Mother currently resides in Adams County, Pennsylvania. Mother filed her Notice of Proposed Relocation to Netcong, New Jersey on April 25, 2017. Father filed his Counter-Affidavit opposing the relocation on May 19, 2017. Father subsequently filed a Petition for Modification of Custody requesting primary physical custody of the children. Both parents sought to modify this Court's Order dated October 13, 2015 as modified by Order dated January 21, 2016. This matter involves the parties' children, E.P. (10 years old at time of trial) and C.P. (8 years old at time of trial). The parents were married on October 31, 2006 and divorced on June 28, 2016. Prior to the undersigned granting Mother's Petition, the parents enjoyed a schedule of equal time with their children on a week on/week off schedule with exchanges occurring on Mondays. The parties have been sharing equal time with their children since shortly after their separation in May 2014.

A pre-trial conference was held on June 12, 2017, at which time the parties were instructed to file Criminal History/Abuse Verifications for themselves and members of

---

[1] This Opinion was written based upon the undersigned's notes of testimony and without review of the official transcript.

1

SCANNED

their respective households as required by Pa. R.C.P. 1915.3-2 and 23 Pa. C.S. §5329. An *in camera* interview of the Children was conducted prior to trial on June 16, 2017. An expedited trial was conducted on June 16, 2017. By Order dated June 28, 2017, the undersigned granted Mother's Petition for Relocation and outlined the reasoning therefor in a written memorandum filed contemporaneously with the Order of Court. Mother's proposal to relocate to Netcong, New Jersey with the children would substantially impair Father's custodial time, thus the undersigned was required to consider the relocation factors pursuant to 23 Pa. C.S. §5337(h), in addition to the best interest factors pursuant to 23 Pa. C.S. §5328 (a). For the reasons set forth below, the undersigned respectfully requests the Order of June 28, 2017 be affirmed.

"With any custody case, the paramount concern is the best interests of the child." *J.R.M. v. J.E.A.*, 33 A.3d 647, 650 (Pa. Super. 2011). The trial court is required to consider "the statutory child custody factors, as well as the statutory relocation factors, when fashioning child custody award, in proceeding to modify child custody and allow [a parent] to relocate with the children..." *A.V. v. S.T.*, 87 A.3d 818, 820 (Pa. Super. 2014)(citations omitted). "All of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa.Super.2011) (emphasis in original). The Pennsylvania Custody Act mandates the following rubric for analysis by the trial court:

> (a) Factors.--In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
> (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
> (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused

2

party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa. C.S.A. §5328(a). It is within the trial court's purview as the finder of fact to determine which enumerated best interest factors are most salient and critical in each particular child custody case. *M.J.M. v. M.L.G.*, 63 A.3d 331, 339 (Pa.Super.2013), appeal denied, 620 Pa. 710, 68 A.3d 909 (2013). The policy of this Commonwealth is that, where possible, siblings should be raised together absent "compelling reasons" to do otherwise. *L.F.F. v. P.R.F.*, 828 A.2d 1148, 1152 (Pa. Super. 2003)(citations omitted).

The party proposing the relocation has the burden of establishing that the relocation will serve the best interest of the child as shown under the factors set forth in subsection (h). 23 Pa. C.S.A. §5337 (i)(1). Each party has the burden of establishing the integrity of that party's motives in either seeking the relocation or seeking to prevent the relocation. 23 Pa. C.S.A. §5337 (i)(2). 23 Pa. C.S.A. § 5337(h) requires trial courts to consider all relocation factors and clearly state so in the record. *E.D.*, *supra* at 81. Those factors include the following:

> (h) Relocation factors.--In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the child:
> (1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.
> (2) The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.
> (3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.
> (4) The child's preference, taking into consideration the age and maturity of the child.
> (5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.
> (6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.
> (7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.
> (8) The reasons and motivation of each party for seeking or opposing the relocation.
> (9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.
> (10) Any other factor affecting the best interest of the child.

23 Pa. C.S.A. §5337 (h).

Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal." *C.B. v. J.B.,* 65 A.3d 946, 955 (Pa.Super.2013), appeal denied, 620 Pa. 727, 70 A.3d 808 (2013). Section 5323(d) applies to cases involving custody and relocation. *A.M.S. v. M.R.C.,* 70 A.3d 830, 835 (Pa.Super.2013). In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *M.J.M., supra* at 336. A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). *Id.*

Father raises two issues in his Concise Statement of Matters Complained of on Appeal. Father's first issue concerns whether the trial court abused its discretion and/or erred as a matter of law in granting Mother's request for relocation when Father asserts such was not in the best interest of the children and Mother did not meet and/or sustain her legal burden. Secondly, Father questions whether the trial court abused its discretion and/or erred as a matter of law in awarding Mother primary physical custody of the children as Father asserts that such was not in the best interest of the children. Both of these issues are addressed in the undersigned's written memorandum containing a detailed analysis of the aforementioned statutory factors, to which the undersigned defers for additional explanation.

5

Mother filed her Notice of Relocation because she desired to move to Netcong, New Jersey to live with her significant other, S.C., with whom she has one child and is expecting another. Their relationship began as a long-distance romance in 2015. S.C. works for his family's business in New Jersey. If S.C. moved to Pennsylvania to live with Mother, he would not be able to maintain that employment. S.C. has two children from a prior relationship. Those children reside in New Jersey and S.C. has partial physical custody of them every weekend. Mother currently resides in Fairfield, Adams County, with her mother and stepfather. She is a stay-at-home parent and intends to remain so when she moves to New Jersey. S.C. supports her being a stay-at-home parent and believes he can support the family on his income alone.

The children currently attend public school in Fairfield School District in Adams County. Father resides in Mechanicsburg, Cumberland County with his significant other. Father works outside the home and his significant other is attempting to re-enter the workforce after taking care of her mother during an extended illness. Father or his significant other drive the children to school in Fairfield during his weeks of custodial time, one hour driving time each way.

This is a case where a number of factors favor both parents. If Mother did not wish to relocate, the equally shared schedule would continue to work well and the undersigned would not have modified it. Both are hard-working and loving parents who want what is best for their children and wish to maintain a meaningful relationship with them. The undersigned considered the best interest factors delineated in 23 Pa. C.S.A. §5238 in the context of Mother's relocation request and Father's request for primary custody regardless of whether Mother would or would not be permitted to relocate.

6

Factors 1, 3, 7, 9, and 10 favored both parents. Factors 2, 2.1, 8, 14, 15, 16 were not applicable. Factor 4 favors both parents if Mother does not relocate. If Mother relocates, then family life favors both parents and community life favors Father. Relocation benefits Mother in that she can stabilize her nuclear family unit with S.C. and their children. Father's life with his significant other is stable, though she is less engaged with the children than Mother's significant other. The parents stipulated that the Netcong and Mechanicsburg School Districts are acceptable. The children currently attend school in Fairfield School District, where Mother resides, so they would have to change schools if they relocate with Mother or if Father was granted primary physical custody. Factor 5 favored both parents if Mother does not relocate and favors Father if Mother relocates. Factor 6 heavily favors Mother because of the children's half-sibling, L.C. who resides in Mother's household, with whom the children are bonded. Mother is expecting another child in October and the children are excited about their new sibling. The children have no siblings in Father's home. Factor 12 also favors Mother because she is a stay-at-home parent and thus more available.

Factor 11 does not favor Mother's request to relocate, as the parents will now reside 150 miles from each other with a travel time of approximately 2 hours, 45 minutes, making the current shared physical custody arrangement impossible. Currently, the parents reside 40 miles away from each other. If Mother does not relocate, this factor is neutral, as the current equally shared time arrangement is working and can be maintained. Factor 13 favors neither parent due to their conflict, although there is some evidence that they are capable of being cordial with one another.

7

With respect to the relocation factors pursuant to 23 Pa. C.S. §5337 (h), the undersigned found that factors 1, 2, 3, 4 and 8 favored both parents. Factors 5, 9 and 10 were not applicable. Factor 6 favored Mother, as the relocation would enhance her quality of life. Factor 7 was found to favor Father because, other than the children being with their siblings more often, Mother did not prove that the quality of life for the children would be better if they moved to Netcong.

In approving Mother's request to relocate with the children, the undersigned found that it is in the children's best interest to relocate with Mother, as she is the more available parent, her motive to move is to solidify her family unit, and the arrangement would allow the children to maintain relationships with their siblings. In crafting a schedule, it is in the children's best interests to spend significant time with Father. Thus, the undersigned gave Father alternating weekends during the children's school year, with extended weekends when the children have off from school, and the bulk of the time in the summer and a block of time during the children's Christmas holiday break from school. Exchanges will take place at a mid-point between the parents' residences.

For all of the abovementioned reasons, the undersigned respectfully requests that the Order of June 28, 2017 be affirmed.

BY THE COURT,

Christina M. Simpson, J.

Date: August 25, 2017

8

**IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA**
**CIVIL**

Y. L. P.                                                    15-S-821

VS.

R. R. P.

*Analysis and Discussion of the Statutory Factors*

*Procedural History*

This matter concerns Mother's request to relocate with the Children from Fairfield, Pennsylvania to Netcong, New Jersey. Mother filed her Notice of Proposed Relocation on April 25, 2017. Father filed his Counter-Affidavit opposing the relocation on May 19, 2017. Father subsequently filed Petition for Modification of Custody requesting primary physical custody of the children. Both parents are seeking to modify this Court's Order dated October 13, 2015 as modified by Order dated January 21, 2016. This matter involves the parties' children, E.P. (currently 10 years old) and C.P. (currently 8 years old). The parents were married on October 31, 2006 and divorced on June 28, 2016. Currently, the parents enjoy equal time with their children on a week on/week off schedule with exchanges occurring on Mondays. A trial to consider all claims was held on June 16, 2017.

*Best Interest Factors*

*In ordering any form of custody, the Court shall determine the best interest of the Children by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the Children, pursuant to 23 Pa. C.S. §5328 (a).*

With respect to Factor 1, which party is more likely to encourage and permit frequent and continuing contact between the Children and another party, the Court finds this factor to favor both parents, as both have made accommodations for each other on occasion. Both

7-3-17 Ptf Dft

1

SCANNED

parents complain that the other parent does not accommodate them enough. However, they currently enjoy equal time with the Children.

Factor 2, regarding the past and present abuse committed by a party or member of party's household, whether there is a continued risk of harm to the Children or an abused party and which party can provide adequate physical safeguards and supervision of the Children, the parties stipulated that this factor is not applicable.

Factor 2.1, the information set forth in Section 5329.1 (a) relating to consideration of child abuse and involvement with protective services, the parties stipulated that this factor is not applicable.

Factor 3, the parental duties performed by each party on behalf of the Children, favors both parents. Currently, the parents enjoy equal time with the Children on a week on/week off basis and both perform parental duties, including helping with homework, taking to health and wellness appointments, etc.

Factor 4, the need for stability and continuity in the Children's education, family life and community life favors both parents if Mother does not relocate. If Mother relocates, Father is favored with respect to community life. Family life favors both parents if Mother relocates, as her goal is to stabilize her current family unit with her significant other and their children. Father's family life with his significant other is stable. With respect to education, the parents stipulated that both Netcong and Mechanicsburg public schools are appropriate for the Children.

Factor 5, the availability of extended family, favors Father if Mother relocates. Mother has no extended family in Netcong, New Jersey, other than her significant other and his family, who the Children are still getting to know. Father has extended family in the Mechanicsburg area. If Mother does not relocate, this factor favors both parents.

Factor 6, the Children's sibling relationships, strongly favors Mother. The children have a half-sibling (Leo) in Mother's home and Mother is expecting another child due in October. Mother's significant other, S.C., is the Father of both of those children.

Factor 7, the well-reasoned preference of the Children, favors both parents. The Children report positive experiences with both parents and their significant others. They like going to Netcong to visit Mother's significant other. He does fun things with them and they

2

play with his children, who are 5 and 7 years old. Father does fun things with them too. E.P. observed that the week on/week off schedule is harder during the school year because of travel.

Factor 8, the attempts of a parent to turn the Children against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the Children from harm, the Court finds no evidence of a parent engaging in a concerted effort to do this, although the children observed that Mother discusses custodial issues with them, whereas Father does not. This is concerning, as including Children in these types of adult conversations may inadvertently put pressure on them and makes them uncomfortable.

Factor 9, which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the Children adequate for the Children's emotional needs, favors both parents.

Factor 10, which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the Children, favors both parents.

Factor 11, the proximity of the residences of the parties, currently the parents reside 40 miles from each other with an approximate travel time of 45 minutes. If Mother relocates with the children, the parties will reside approximately 150 mile from one another with a travel time of roughly two hours, forty-five minutes, making an equally shared arrangement impossible. For that reason, relocation is not favored with respect to this factor. If relocation is not granted, this factor is neutral.

Factor 12, each party's availability to care for the Children or ability to make appropriate child-care arrangements, strongly favors Mother as she is a stay-at-home parent and is more available than Father, who is gainfully employed outside the home.

Factor 13, the level of conflict between the parties and the willingness and ability of the parties to cooperate with one another, favors neither parent. During the in camera interview, E.P. observed that the parents do not get along well. It is clear that there is a level of animosity between them, although some of the text messages demonstrate a cordial relationship.

Factor 14, the history of drug or alcohol abuse of a party or member of a party's household, is not an issue per stipulation.

Factor 15, the mental and physical condition of a party or member of a party's household, is not an issue per stipulation.

3

Factor 16, any other relevant factors: None.

## *Relocation Factors*

*In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the Child. 23 Pa. C.S.A. §5337.*

1. The nature, quality, extent of involvement and duration of the Children's relationship with the party proposing to relocate and with the non-relocating party, siblings and other significant persons in the child's life, favors both parents. The Children are bonded with their younger brother Leo and Mother is expecting another child in a few months. The Children have excellent relationships with both of their parents and current share equal time with them. Father's time will be substantially impacted by Mother's relocation.

2. The age, developmental stage, needs of the Children and the likely impact the relocation will have on the Children's physical, educational and emotional development, taking into consideration any special needs of the Children. No special needs were cited. The Children are 10 and 8 years of age. There was little testimony regarding this factor. The parents stipulated that the public schools in Netcong and Mechanicsburg are appropriate for the Children. The factor is neutral.

3. The feasibility of preserving the relationship between the non-relocating party and the Children through suitable custody arrangements, considering the logistics and financial circumstances of the parties. If relocation is granted, it is impossible to maintain an equally shared physical custody schedule. Both parents have proposed appropriate proposals to maximize the Children's time with the non-relocating parent. While an equal physical custody schedule is impossible to maintain if Mother relocates, Father's relationship with the Children can be maintained and preserved through ample regularly scheduled custodial time. Likewise, if Father's petition for modification is granted and Mother moves to New Jersey without the children, her relationship with the children can be preserved in a similar way. This factor favors both parents' requests.

4

4. The Children's preference, taking into consideration the age and maturity of the Children. See best interest factor 7.

5. Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the Child and the other party. There was no evidence of this occurring.

6. Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity. This factor favors Mother's relocation because she will be able to solidify her family unit with her current significant other and their children. Her significant other has a stable job with a family-owned company. He has other children in the New Jersey area, who stay with him on alternating weekends. Mother's significant other earns approximately $50,000 per year. Mother will be a stay at home parent. Both Mother and her significant other testified that they can support the family with one income.

7. Whether the relocation will enhance the general quality of life for the Children, including, but not limited to, financial or emotional benefit or educational opportunity. The parents stipulated that the public school systems in Mechanicsburg and Netcong are suitable for the children. It is noted that the Children currently attend Fairfield School District in Adams County, where Mother currently resides, so they will have to change schools regardless of which parent has primary custody. There is no evidence that the quality of life for the Children will be enhanced by the relocation, thus factor mitigates against Mother's request.

8. The reasons and motivation of each party for seeking or opposing the relocation. The parents stipulated that Mother is seeking relocation to reside with her significant other, who is the father to both her youngest and unborn children, to provide a family unit and stability for the Children. Father is opposing the relocation to preserve the relationship he and the Children benefit from and to better provide stability for the children. Both parents have good motives for their respective positions on this issue, thus this factor favors both.

9. The present and past abuse committed by a party or member of the party's household

5

and whether there is a continued risk of harm to the Children or an abused party. This is not an issue per stipulation of the parents.

10. Any other factor affecting the best interest of the Children: None.

In summary, after considering all of the above factors, many of which favor both parents, this Court finds that the best interest of the Children will be served by granting Mother's proposed relocation, as she is the more available parent and the Children have a sibling in her home with whom they are bonded. A schedule of significant partial physical custody shall be provided for Father, including most of the summer months, alternating weekends during the school year and extended weekends.

An Order of Court has been entered accordingly.

BY THE COURT,

Date: June 30, 2017

_____
**CHRISTINA M. SIMPSON**
**Judge**

Yvonne L. Patton, self-represented, 3334 Bullfrog Road, Fairfield, PA 17320
Alexis K. Sipe, Esquire, 50 East Market Street, Hellam, PA 17406